UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22907-BLOOM/Otazo-Reyes

JAMES RIVER INSURANCE COMPANY,

    Plaintiff,

v.

R.I.C., INC., AMANI FISHER, DARRELL
GREEN, TWANISE FRAGER, AHMAD
FORBES, TAMMIE ANDERSON and
ALEXIS VALLON, as Co-Personal
Representatives of the Estate of Clayton L.
Dillard, III, DANECKA SMITH, as Parent
and Natural Guardian of K.S., KAHLIL
CLARK, DARRIUS COLBERT, Jr., TEVIN
ESTY-LAMBERT, CHARLENE
MICHELLE PETERSON, as Personal
Representative of the Estate of Shaniqua
Peterson, JORDAN KENNETH WHITE,
CIREH CA'XIAIRA-SHANNEROLY
COLLINS, FRANK WILLIAMS,
KA'DEDRA THOMAS, YALONDA
VENTURA, as Personal Representative of
the Estate of Desmond Eugene Owens,
CHARLES TYQUAN HAMPTON,
DENNIS BERNARD ALLEN, Jr., and
MARQUIS BUCKNER,

    Defendants.
_____/

**ORDER ON PLAINTIFF'S MOTION TO EXECUTE ALTERNATIVE
SERVICE BY PUBLICATION AND FOR EXTENSION OF TIME**

**THIS CAUSE** is before the Court on Plaintiff James River Insurance Company's ("James River") Motion to Execute Alternate Service by Publication and for Extension of Time. ECF No. [56] ("Motion"). The Court has reviewed the Motion and is fully advised. For the following reasons, the Motion is granted in part and denied in part.

Case No. 23-cv-22907-BLOOM/Otazo-Reyes

I. **BACKGROUND**

This action concerns James River's obligations as an insurance provider under an insurance policy with an Assault and Battery Limits of Liability Endorsement ("A&B Sublimit") for a shooting incident. ECF No. [1] ¶ 1. As a result of that shooting incident, the Defendants whom the Complaint in this action refers to as the Underlying Claimants filed four lawsuits against Defendant R.I.C., Inc. ("RIC") in the Circuit Court for Miami-Dade County, Florida ("Underlying Lawsuits"). *Id.* ¶ 29. James River seeks a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the A&B Sublimit applies to limit its obligations in the Underlying Lawsuits, among other things. *Id.* ¶¶ 36-45.

The Motion requests that the Court permit service by publication pursuant to § 49.021(1) of the Florida Statutes to eight of the Defendants: Ahmad Forbes, Danecka Smith, Darrius Colbert, Jr., Dennis Bernard Allen, Jr., Frank Williams, Ka'Dedra Thomas, Marquis Buckner, and Yalonda Ventura. ECF No. [56] at 14, 18. The Motion and the attachments thereto set forth the following. James King conducted a search for Defendants in the records of the Florida Department of Corrections and Federal Bureau of Prisons. *See, e.g., id.* at 5. James King also reached out to prior counsel for five of Defendants but was unable to locate Defendants based on the prior counsel's responses, or lack thereof. *See, e.g., id.* at 10; *see also* ECF Nos. [56-12] – [56-16]. In addition, James River unsuccessfully attempted to serve Defendants as follows:

- two attempts to serve Ahmad Forbes on August 21, 2023 and August 24, 2023, *id.* at 5;
- two attempts to serve Danecka Smith on August 17, 2023 and August 25, 2023, *id.* at 3;
- nine attempts to serve Darrius Colbert, Jr. over a period from August 19, 2023

2

through October 7, 2023, *id.* at 7;

- two attempts to serve Dennis Bernard Allen, Jr. on August 22, 2023 and August 24, 2023, *id.* at 4;

- seven attempts to serve Frank Williams over a one-month period starting on August 26, 2023;

- seven attempts to serve Ka'Dedra Thomas from August 25, 2023 through September 21, 2023, *id.* at 11;

- four attempts to serve Marquis Buckner from August 24, 2023 through September 1, 2023, *id.* at 10; and

- nine attempts to serve Yolanda Ventura from August 22, 2023 through October 31, 2023, *id.* at 8-9.

James River's process servers spoke to other individuals to serve Defendants as follows:

- an individual at a Miami address for Ahmad Forbes who answered the door and refused to provide his name but indicated that no Ahmad Forbes was known to him or resided at the address, *id.* at 5;

- an individual at an alternate address for Darrius Colbert, Jr. who said there was no Darrius Colbert, Jr. who lived there or who was known to her, *id.* at 7-8;

- an individual at a leasing office to attempt to serve Dennis Bernard Allen, Jr., but the individual advised there was no tenant by that name, *id.* at 4; and

- an individual at an address for Yolanda Ventura who said she did not know Yolanda Ventura and that she never received any mail addressed to Yolanda Ventura, *id.* at 9.

James River suggests that the Defendants may be concealing themselves to avoid personal

3

service but has provided no further evidence supporting that speculation. *See, e.g.*, at 12.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(e) provides that "an individual . . . may be served in a judicial district of the United States by . . . following the state law for serving a summons in an action . . . where the district court is located or where service is made." Under the Florida Rules of Civil Procedure, "[s]ervice of process by publication may be made as provided by statute." Fla. R. Civ. P. 1.070(d).

In Florida, service by publication is permitted only in a limited set of circumstances. *See* Fla. Stat. § 49.011. As a condition precedent to service by publication, a plaintiff or plaintiff's attorney or agent shall file a statement setting forth: (1) that a diligent search and inquiry have been made to discover the name and residence of such person; (2) whether such person is over or under the age of 18 years; and (3) that the residence of such person is: (a) unknown to the affiant; or (b) in some state or country other than this state; or (c) in the state, but that he or she has been absent from the state for more than 60 days. Fla. Stat. §§ 49.031, 49.041. "[B]ecause the lack of personal service implicates due process concerns, a plaintiff must strictly comply with the statutory requirements." *Redfield Invs., A.V.V. v. Vill. of Pinecrest*, 990 So. 2d 1135, 1138 (Fla. 3d DCA 2008). The Court therefore "has the duty to determine not only whether the affidavit of search is legally sufficient, but also whether the plaintiff conducted an adequate search to locate the defendant." *Id.*

## III. DISCUSSION

Given the significant due process concerns and the record presented, the Court finds Plaintiff's attempts to locate Defendant insufficient to permit service by publication. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950) ("Certainly the proceeding is one

in which [defendants] may be deprived of property rights and hence notice and hearing must measure up to the standards of due process."). In particular, the Court is not persuaded that James River has conducted an adequate search to locate Defendants. To be sure, this is not a case where James River has failed to set forth specifically efforts it has undertaken to serve Defendants, *compare, e.g.*, *Ortiz v. Beverly Hills Spa & Salon LLC*, No. 22-cv-60107-BLOOM/Valle (S.D. Fla. Sept. 28, 2022), or one where James River has made minimal attempts to locate defendants, *see, e.g.*, *Allstate Fire & Cas. Ins. Co. v. Fennell*, No. 2:18-cv-134, 2019 WL 9667845, at *2 (S.D. Ga. Feb. 26, 2019) ("A one-day attempt in the field, two internet searches, and a phone call do not constitute due diligence."). However, the Court expects James River to do more, such as consulting public records, employing internet services for locating persons, making use of the Freedom of Information Act, and consulting Defendants' last known employers. *Am. Contractors Ins. Co. v. JCC Enters. Lab., Inc.*, No. 15-61829-CIV, 2016 WL 8224362, at *1 (S.D. Fla. Feb. 9, 2016). Courts may also authorize discovery in aid of service if required. *Id.* (citing Fla. Prac. & Proc. § 8:31). Although James River has searched inmate detention records, it does not set forth whether any other public records were consulted, including those most relevant to this action: those in the underlying lawsuits, which may yield Defendants' contact information. Nor has James River employed the other means of searching described above.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion to Execute Alternate Service by Publication and for Extension of Time, **ECF No. [56]**, is **GRANTED IN PART AND DENIED IN PART**.

2. James River's request to serve the Defendants by publication is denied.

3. Notices of Action shall not issue at this time.

4. The time to serve (1) DANECKA SMITH; (2) DENNIS BERNARD ALLEN, JR.;

(3) AHMAD FORBES; (4) FRANK WILLIAMS; (5) DARRIUS COLBERT, JR.;

(6) YOLANDA VENTURA; (7) MARQUIS BUCKNER; and (8) KA'DEDRA

THOMAS, is extended by thirty (30) days, **up to and including December 2, 2023**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 2, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

DANECKA SMITH
13004 Alexandra Drive, #W-207
Opa Locka, FL 33054

DENNIS BERNARD ALLEN, JR.
6060 NW 186 Street
Hialeah, FL 33004

AHMAD FORBES
320 NW 204th Terrace
Miami, FL 33169

FRANK WILLIAMS
206 NW 5th Avenue
Dania Beach, FL 33004

DARRIUS COLBERT, JR.
1700 NW 5th Avenue
Fort Lauderdale, FL 33311

YOLANDA VENTURA
208 NW 80th Avenue
Margate, FL 33063

MARQUIS BUCKNER
20661 NW 17 Avenue, #101
Miami Gardens, FL 33056; and

Case No. 23-cv-22907-BLOOM/Otazo-Reyes

KA'DEDRA THOMAS
1420 NW 44 Street
Miami, FL 33142