UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22907-BLOOM/Torres

JAMES RIVER INSURANCE COMPANY,

    Plaintiff,

v.

R.I.C., INC., AMANI FISHER, DARRELL
GREEN, TWANISE FRAGER, AHMAD
FORBES, TAMMIE ANDERSON and
ALEXIS VALLON, as Co-Personal
Representatives of the Estate of Clayton L.
Dillard, III, DANECKA SMITH, as Parent
and Natural Guardian of K.S., KAHLIL
CLARK, DARRIUS COLBERT, Jr., TEVIN
ESTY-LAMBERT, CHARLENE
MICHELLE PETERSON, as Personal
Representative of the Estate of Shaniqua
Peterson, JORDAN KENNETH WHITE,
CIREH CA'XIAIRA-SHANNEROLY
COLLINS, FRANK WILLIAMS,
KA'DEDRA THOMAS, YALONDA
VENTURA, as Personal Representative of
the Estate of Desmond Eugene Owens,
CHARLES TYQUAN HAMPTON,
DENNIS BERNARD ALLEN, Jr., and
MARQUIS BUCKNER,

    Defendants.
_____/

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

**THIS CAUSE** is before the Court upon Defendant Yalonda Ventura's ("Defendant") Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) or For Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b) ("Motion"), ECF No. [157]. Plaintiff James River Insurance Company ("Plaintiff") filed a Response, ECF No. [158], to which Defendant filed a Reply, ECF No. [160]. The Court has reviewed the Motion, the briefings, the record in the case,

the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

## I. BACKGROUND

Defendant seeks reconsideration of this Court's Omnibus Order, ECF No. [153], filed on October 3, 2024 ("Order"), in which the Court granted summary judgment to Plaintiff, granted Plaintiff's Motion to Strike, and declared Plaintiff had no duty to defend or indemnify R.I.C. in a series of underlying lawsuits relating to a mass shooting that occurred on R.I.C.'s premises. ECF No. [153] at 6, 42. Defendant moves for relief under Federal Rule of Civil Procedure 59(e) or, in the alternative, under Federal Rule of Civil Procedure 60(b). ECF No. [157]. In support of those Motions, Defendant states that she is entitled to relief because the Court "made [m]anifest errors of facts and law[,] . . . Defendant has discovered new evidence[,] and because of Plaintiff's bad faith conduct during the discovery process and the proceedings[.]" *Id.* at 1.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Relief is proper under Rule 59(e) only if the party presents newly discovered evidence or demonstrates a manifest error of law or fact." *Marques v. JP Morgan Chase, N.A.*, 805 F. App'x 668, 670 (11th Cir. 2020) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). Courts in this district have defined "manifest error" as "[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Knight v.*

*Jones*, No. 17-cv-61921, 2018 WL 11656374, at *1 (S.D. Fla. July 25, 2018) (quoting Black's Law Dictionary 243-44 (2d pocket ed. 2001)); *Blackmon v. Jones,* No. 16-cv-60901, 2019 WL 8752279, at *1 (S.D. Fla. Jan. 11, 2019) (same). It is well settled that "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Watkins v. BSO Deputy*, No. 18-cv-63165, 2019 WL 10947142, at *1 (S.D. Fla. Jan. 17, 2019) (citing *Burger King Corp. v. Ashland Equities, Inc.*,181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002)); *see also Krstic v. Princess Cruise Lines, Ltd. (Corp),* 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010) (same).

Additionally, under Federal Rule of Civil Procedure 60(b), "courts may relieve a party from a judgment or order on several grounds, including (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment is no longer in effect; and (6) 'any other reason that justifies relief.'" *Marques*, 805 F. App'x at 671 (quoting Fed. R. Civ. P. 60(b)). A motion for relief from judgment based on newly discovered evidence "requires all of the following:"

> (1) the evidence must be newly discovered since the summary judgment order;
> (2) the movant must have exercised due diligence in discovering the new evidence;
> (3) the evidence cannot be merely cumulative or impeaching;
> (4) the evidence must be material; and
> (5) the new evidence must be such that it would produce a different outcome in the underlying action.

*Williams v. N. Fla. Reg'l Med. Ctr., Inc.*, 164 F. App'x 896, 898-99 (11th Cir. 2006) (citing *Waddell v. Hendry Cnty Sheriff's Off.*, 329 F.3d 1300, 1309 (11th Cir. 2003)). For a Rule 60(b) motion for relief from judgment to be successful under the catchall provision—Rule 60(b)(6)—the movant "must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district

court's sound discretion.'" *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000)).

### III. DISCUSSION

**A. Manifest Error of Fact**

In support of her Motion, Defendant argues the Court made three separate errors of fact. First, Defendant contends it was an error for the Court to state "[a]ll parties agree that [Plaintiff] has tendered a $50,000 settlement to Peterson's estate," ECF No. [157] ¶ 3. Second, Defendant claims, "the Court also erroneously deemed [Plaintiff's] statement of facts as admitted because Defendants Anderson and Vallon did not file a response to [Plaintiff's] statement of facts and found there were no factual disputes but merely legal issues." *Id.* ¶ 6. Third, "the Court erroneously stated in its order that the parties agreed that the policy was exhausted by the payment to Counsel for Peterson." *Id.* ¶ 8.

Defendant first argues the Court made a manifest error of fact in stating in the Order that "[a]ll parties agree that [Plaintiff] has tendered a $50,000.00 settlement to Peterson's estate." ECF No. [157] ¶ 3 (quoting ECF No. [153] at 22). Defendant notes that she "specifically disputed [Plaintiff's] claims that they paid the $50,000.00 policy to settle Peterson'[s] claims as Plaintiff produced no evidence to establish those claims." *Id.* ¶ 4. In support of her argument, Defendant cites to her Statement of Disputed Material Facts ("Defendant's Disputed Statement of Facts"), ECF No. [140], which were filed in opposition to Plaintiff's Statement of Undisputed Facts in Support of its Motion for Final Summary Judgment ("Plaintiff's Undisputed Statement of Facts"). ECF No. [117].

In Plaintiff's Undisputed Statement of Facts, Plaintiff stated, "Charlene Michelle Peterson, . . . demanded payment of the Policy's $50,000 A&B Sublimit from [Plaintiff] to settle Peterson's

4

claim" and that Plaintiff "accepted the settlement offer and accordingly tendered a $50,000 settlement payment to Peterson's counsel." *Id.* ¶¶ 4-5. In support of this statement, Plaintiff cited a declaration from Gary Korner, a Senior Claims Examiner at James River Insurance Company, in which Korner stated Plaintiff "accepted the settlement offer and accordingly tendered a $50,000 settlement payment to Peterson's counsel." ECF No. [117-1] ¶ 11. In Defendant's subsequent Statement of Facts, Defendant disputed Plaintiff's claims that Peterson's Counsel demanded payment, "as these are self-serving claims unsupported by [any] admissible evidence other than a double hearsay statement in the self-serving declaration." ECF No. [140] at 4. Defendant similarly disputed Plaintiff's statement that it accepted the settlement offer and accordingly tendered a $50,000 settlement payment to Peterson's counsel. *Id.* at 6. Defendant also denied these claims in her Answer to the Complaint. ECF No. [106] ¶¶ 34-35. Therefore, Defendant argues it was a manifest error of fact for the Court to state "[a]ll parties agree that [Plaintiff] has tendered a $50,000.00 settlement to Peterson's estate." ECF No. [153] at 22.

Plaintiff responds that Defendant "fails to provide any support for her assertion that the policy was not exhausted." ECF No. [158] at 5. Indeed, Defendant conceded the point that she "was not involved in the settlement discussions with another claimant . . . by indicating in her answer to [Plaintiff's] complaint that she is 'without knowledge' of these assertions." ECF No. [158] at 5 (citing ECF No. [106] ¶¶ 34-35). In her Reply, Defendant states "her failure to produce evidence that [Plaintiff] had exhausted the $50,000 policy with payments of its own expenses and costs was the result of [Plaintiff's] own bad conduct during discovery and [Plaintiff's] failure to comply with its Rule 26 disclosure requirement." ECF No. [160] at 3.

Given Defendant's response to Plaintiff's Undisputed Statement of Facts, it was not accurate to state that "[a]ll parties agree that [Plaintiff] has tendered a $50,000.00 settlement to Peterson's

estate." ECF No. [153] at 22. However, as the Court stated in its Order, "the Court deems [Plaintiff's] statement of facts admitted but notes doing so does not change the Court's analysis. The issues in this case require construction of the Policy and underlying state cases, to which there are no factual disputes but merely legal issues." ECF No. [153] at 2 n.1.

To the extent that it was inaccurate for the Court to state "all parties agree" that Plaintiff tendered the $50,000.00 settlement, the error was harmless. *See Jenkins v. Anton*, 922 F.3d 1257, 1268-69 (affirming district court's denial of 59(e) motion where district court agreed that it committed a factual error, but concluded the error was harmless). Whether or not Defendant agreed that Plaintiff tendered the settlement is irrelevant given that—as the Court noted in its Order—the evidence overwhelmingly suggests that the payment was, in fact, made. *See* ECF No. [153] at 2 ("[T]he following facts are not *genuinely* in dispute unless otherwise noted." (emphasis added)).

As Plaintiff notes, Defendant conceded in her Answer that she "lacks sufficient knowledge" as to whether Peterson's counsel demanded payment of the policy and whether Plaintiff tendered a settlement check. ECF No. [106] ¶¶ 34-35. The parties with knowledge of the settlement negotiations and payment, however, "have admitted [Plaintiff's] declarations are true. To be sure, RIC has admitted all allegations in [Plaintiff's] complaint." ECF No. [158] at 5 (citing ECF No. [40]). In an Exhibit to its Statement of Undisputed Facts, Plaintiff provided a sworn declaration from "the claims examiner assigned to handle the claim involving the present matter" who stated that Plaintiff "accepted the settlement offer and accordingly tendered a $50,000 settlement payment to Peterson's counsel." ECF No. [117-1] ¶ 11.

Defendant argues that she is "a reasonable person [who] disagrees with the factual inferences that could or might be drawn from the facts in this case," therefore, the Court "should not have

6

granted summary [j]udgment." ECF No. [157] ¶ 27. However, on a motion for summary judgment, "the nonmoving party 'may not rest upon the mere allegations or denials of [her] pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Rothschild v. Great N. Ins. Co.*, 641 F. Supp. 3d 1305, 1309 (S.D. Fla. 2022), *aff'd*, No. 22-14129, 2024 WL 3339232 (11th Cir. 2024) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Defendant did not set forth any facts to suggest the $50,000.00 settlement was not paid. Nor could she, given that she "was not involved in the settlement discussions with another claimant." ECF No. [158] at 5. Therefore, the Court properly concluded that the payment was made, and the error was harmless.

Regarding the second alleged error that the Court improperly admitted Plaintiff's Undisputed Statement of Facts despite Defendant filing a Disputed Statement of Facts, Defendant does not point to any specific, additional facts that should not have been accepted. ECF No. [157] ¶ 6. As stated previously, the Order prefaced its statement of material facts by stating "the following facts are not genuinely in dispute unless otherwise noted." ECF No. [153] at 2. The Order also explicitly stated that the acceptance of Plaintiff's statement of facts "does not change the Court's analysis" because "[t]he issues in this case require construction of the Policy and underlying state cases, to which there are no factual disputes but merely legal issues." *Id.* at 2 n.1. Therefore, even if Defendant could point to a factual error, it would not have affected the Court's analysis.

Third, Defendant argues "the Court erroneously stated in its order that the parties agreed that the policy was exhausted by the payment to Counsel for Peterson." ECF No. [157] ¶ 8. Defendant mischaracterizes the Court's statement. After concluding that the $50,000.00 settlement was made, the Court stated that "[b]ecause the aggregate limit that [Plaintiff] owes R.I.C. . . . is $50,000, [Plaintiff] has no further obligations to tender money related to the mass

shooting." ECF No. [153] at 22. Because Defendant has not provided any explanation as to how this specific statement is inaccurate, the argument is without merit.

Defendant further argues "it was also error for the Court to grant summary judgment as [Plaintiff] has never affirmatively denied that [Plaintiff] exhausted the $50,000.00 policy by payment of its own investigative cost and expense." ECF No. [157] ¶ 8. Defendant states "[t]his is important because [Defendant] asserted that the policy was illusory because not only is the policy reduced by the deductible but when all of [Defendant's] investigative cost[s] and other expenses are deducted there [are] no funds to pay any settlement or judgment." *Id.* ¶ 9. Although categorized as an "error of fact," this statement merely takes issue with the Court's grant of summary judgment to Plaintiff and improperly rehashes the arguments Defendant made at the summary judgment stage. *See Arthur*, 500 F.3d at 1343 ("[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.") (quoting *Michael Linet*, 408 F.3d at 763) (alteration in original). Indeed, Defendant cites her response in opposition to Plaintiff's summary judgment motion, noting she has already "argued that even if [Plaintiff] did tender 'a $50,000' check to Peterson's attorney . . . that payment was of no consequence[.]" ECF No. [157] ¶ 9 (citing ECF No. [139] ¶ 20). Therefore, Defendant fails to point to an error of fact or law which would provide a basis for Rule 59(e) relief.

### B. Newly Discovered Evidence

Defendant requests that the Court "[s]trike or disregard Gary Korner's [a]ffidavit based on newly discovered evidence and other reasons[.]" ECF No. [157] at 4. Defendant seeks to "strike or disregard" the Korner affidavit based on the "recently discovered evidence," specifically, Korner's LinkedIn page, which purportedly demonstrates that "Korner did not begin working for

[Plaintiff] until March 2022 and therefore could not have been the person assigned the claim at the time of the shooting." *Id.* ¶ 12. Defendant argues this fact contradicts Korner's declaration that he was "the claims examiner assigned to handle the claim involving the present matter . . . which involves a May 30, 2021 mass shooting." *Id.* (quoting ECF No. [117-1] ¶ 2).

As Plaintiff correctly points out, Korner's LinkedIn page does not qualify as newly discovered evidence for the purpose of Rule 59(e) or 60(b). ECF No. [159] at 7. "There is no reason why [Defendant] could not have presented this evidence in response to [Plaintiff's] motion for summary judgment . . . [Defendant] clearly had the ability to research Korner's LinkedIn page before judgment was entered, but she apparently failed to do so." *Id.* In her Reply, Defendant argues she "had no opportunity to refute the declarations of Gary Korner before the Court entered judgment" because Korner (1) "was not previously disclosed to [Defendant] prior to [Korner's] declaration"; and (2) Defendant "had no reason to believe that [Korner] would prepare a declaration that was misleading and/or contain false implications." ECF No. [160] at 3.

As an initial matter, Korner's LinkedIn page cannot be properly presented as "newly discovered evidence" under Rule 59(e) because Defendant could have discovered the LinkedIn page after Plaintiff filed the Korner affidavit on June 18, 2024, ECF No. [117-1], and before filing her opposition to Plaintiff's motion for summary judgment on July 25, 2024. ECF No. [128]. After June 18, 2024, Defendant was aware that Korner was being presented as Plaintiff's corporate representative and nothing stopped her from finding Korner's LinkedIn page. Had she found the page, she would have been able to present such evidence in response to Plaintiff's motion for summary judgment, which she subsequently filed. ECF No. [128]. Because a "Rule 59(e) motion [cannot be used] to . . . present evidence that could have been raised prior to the

9

entry of judgment," Defendant's argument fails.[1] *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet*, 408 F.3d at 763).

### C. Additional Objections to Korner Affidavit

Defendant lists a series of additional objections to the Korner affidavit but fails to explain the basis upon which the objections support a Rule 59(e) or Rule 60(b) motion. Those objections include (1) that Korner's affidavit includes "hearsay unsupported by any evidence and are simply self-serving"; (2) Korner's statements "are misleading"; (3) Plaintiff "fail[ed] to list [Korner] in its Rule 26(a) disclosure; (4) Korner's declaration violated the "Rule 602 personal knowledge requirement as Korner was not listed or designated as a Rule 30(b) deposition witness and most importantly Gary Korner was not designated by Plaintiff as Plaintiff's corporate representative"; (5) Korner's "assertions in the affidavit . . . violate[] the best evidence rule"; and (6) portions of Korner's declaration "should have been disregarded or struck . . . as Korner made a legal conclusion[.]" ECF No. [157] ¶¶ 13-22. As Plaintiff correctly points out, those arguments are "improper for reconsideration" as they "could have been raised before judgment was entered. Indeed, [Plaintiff] filed a motion to strike portions of the affidavits [Defendant] submitted in response to its motion for summary judgment, and [Defendant] clearly had the ability to do the same" for the Korner declaration. ECF No. [158] at 6-7. Under Rule 59(e) and 60(b), Defendant cannot "relitigate old matters or present arguments or evidence that the movant could have raised before the entry of judgment." *Caterpillar Fin. Servs. Corp. v. Venequip Mach. Sales Corp.*, No. 22-cv-23002, 2023 WL 8258886, at *3 (S.D. Fla. Nov. 29, 2023) (quoting *Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020) (per curiam)). Defendant claims she "had no

---

[1] Because "[a] significantly higher standard is generally used to decide whether a movant is entitled to relief under Rule 60(b)," Defendant's argument fails under Rule 60(b) as well. *Sherrod v. Palm Beach Cnty Sch. Dist.*, 237 F. App'x 423, 425 (11th Cir. 2007) (quoting *Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001)) (internal quotations omitted).

opportunity to refute the declarations of Gary Korner before the Court entered judgment in [Plaintiff]'s favor," ECF No. [160] at 3, but, as noted previously, that claim is belied by the fact that Defendant filed her response in opposition to Plaintiff's motion for summary judgment over a month after Plaintiff filed the Korner affidavit. *See* ECF Nos. [117-1]; [128]. As a result, Defendant's additional objections to the Korner affidavit similarly fail.

### D. Manifest Errors of Law

Defendant states the Court made a manifest error of law by "misapprehend[ing] the ruling" in *Leysoto v. Mama Mia I., Inc.* ECF No. [157] ¶ 41 (citing *Leysoto v. Mama Mia I., Inc.*, No. 8-cv-60750, 2009 WL 10668589 (S.D. Fla. Oct. 19, 2009). Defendant does not describe a "manifest error of law" as required under Rules 59(e), but merely draws a different conclusion from her reading of *Leysoto. Id.* ¶ 43 (stating paragraph 8 of Defendant's affidavit "[s]hould not have been struck based on the *Leysoto* ruling because [Defendant's] statement was supported by [Defendant's] statement that she read the policy."). The Court cited *Leysoto* because it interpreted paragraph 8 of Defendant's affidavit as a "bald statement[] of a legal conclusion, which the Court cannot accept in an affidavit submitted on summary judgment." ECF No. [153] at 14 (quoting *Leysoto*, 2009 WL 10668589, at *2). Nothing about the citation was inaccurate; Defendant merely disagrees with the Court's conclusion that paragraph 8 constituted a legal conclusion. ECF No. [157] ¶¶ 40-43. Therefore, Defendant fails to establish any manifest errors of law.

Similarly, Defendant alleges the Court "also made manifest errors of law when it struck portions of Spence's affidavit [because] Spence did not make the affidavit as an expert, the affidavit was based in part on Spence's personal knowledge and Spence's experience as an attorney practicing in personal injury law for at least twenty or more years in the State of

11

Florida." *Id.* ¶ 44. In arguing that the Court made manifest errors of law in striking portions of Spence's affidavit, Defendant improperly relitigates Plaintiff's Motion to Strike, ECF No. [145], which the Court granted in the Order. ECF No. [153] at 13-15.

Lastly, Defendant states the Court "misapprehended the law when the Court took [j]udicial [n]otice of the circuit court civil complaints that were attached as Exhibits to Plaintiff's Motion of Summary Judgment and Plaintiff's Complaint" because the complaints "were not sworn and there were no affidavits by Plaintiff attesting to the contents of the complaints." ECF No. [157] ¶ 46. As stated in the Court's Order, Defendant's argument is incorrect. ECF No. [153] at 15 n.2. It is well-established that "courts may take judicial notice of public records, such as a pleading filed in another court, because such documents are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Navarro v. City of Riviera Beach*, 192 F. Supp. 3d. 1353, 1364 (quoting *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)); *see also Universal Express Inc.*, 177 F. App'x 52, 53 (11th Cir. 2006) ("Public records are among the permissible facts that a district court may consider.")

### E. Allegations of Bad Faith in Discovery

Defendant also seeks to reopen a series of discovery issues, although it is unclear how those purported discovery violations would provide a basis for relief under either Rule 59(e) or 60(b). Defendant states Plaintiff "willfully and deliberately fail[ed] to comply with [the] Rule 26(a) [disclosure] requirement" and "failed to produce any documents as requested in [Defendant's] request to produce." ECF No. [157] ¶ 10. As Plaintiff notes, the Order explained that "the legal basis for [Co-Defendants] Anderson and Vallon's requests to prevent summary judgment based on [Plaintiff's] alleged discovery violations is unclear." ECF No. [153] at 25. As the Court set forth in its Order, Defendant provides no authority to support her argument that these alleged

discovery violations, which were not raised during the discovery period, should now provide a basis for relitigating the case. *See id.* ("Anderson and Vallon did not seek a hearing pursuant to these purported violations nor raise them with this Court within the discovery period . . . Accordingly, the Court sees no reason why discovery violations . . . should preclude the entry of summary judgment for [Plaintiff].").

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) or For Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b), **ECF No. [157]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida on March 7, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

13